CLARA ELDORA HIBLER, Appellant, v. DANIEL HIBLER et al., Appellees.

No. 39437.

JUNE 24, 1929.

*Charles C. Heninger,* for appellant.

*D. T. Stockman,* for appellee.

EVANS, J.—It appears from the record that plaintiff is in possession of a farm of 106 acres acquired by her under a conveyance from her parents, Daniel and Elma McCreery, in June, 1901. The legal effect of this conveyance is the question of controversy. The following comprises its granting and habendum clause:

"For the consideration of one dollar and natural love and affection we Daniel McCreery and Elma McCreery husband and wife, hereby convey to Clara Eldora Hibler trustee in trust for the use and benefit of and to be managed and controlled by the grantors herein, during their joint lives and the life of the sur-

vivor then for the use of said trustee, Clara Eldora Hibler during her natural life, then in fee to the legal heirs of the said Clara Eldora Hibler, the following real estate situated in the county of Keokuk, state of Iowa, to wit:''

It also contained a covenant of warranty. It is the contention of the appellant that the legal effect of the foregoing conveyance is governed by the ''Rule in Shelley's Case,'' which has been definitely recognized by us as a rule of property in this state, and as in effect up to the time of its abrogation by statute in the year 1907. The abrogating statute had no retrospective effect, and therefore no effect upon the present title, which was acquired, if at all, in 1901.

The record discloses that the grantor, Daniel McCreery, has since deceased, and that the surviving widow, Ella McCreery, has relinquished all her claims to her daughter, plaintiff herein. All the children of the grantee have come into being after the execution of the conveyance, her oldest child being 24 years of age. The question is, What was the legal effect of the deed at the time it was executed? It reserved nothing in the grantors but a life estate. The full title of the grantors purported to pass, subject to their life estate.

Were the terms of the deed effective to create a trust? If yea, then the door was closed against the operation of the ''Rule in Shelley's Case.'' In such event, the plaintiff must be deemed to have taken the title in trust, and in accord with the strict terms of the conveyance. On the other hand, if the terms of the deed were not effective to create a trust, then the full fee title necessarily passed to the plaintiff, as sole grantee, under the ''Rule in Shelley's Case.'' It will be noted that the conveyance purported to be made to ''Clara Eldora Hibler, trustee.''

The argument for the plaintiff is that the instrument of conveyance did not purport to create a trust; that it defined no fiduciary duty to be assumed by the grantee; that, for want of a prescribed duty, there could be neither performance nor breach of trust by the grantee; and that, therefore, the word ''trustee,'' as used in the deed, was merely surplusage. The argument is not without some force. It was competent, however, for the grantors to convey the property to the grantee *in trust*. If the conveyance was defective in describing the uses to which the property was to

be put by the trustee, this deficiency would not operate to enlarge the rights of the trustee, nor would it convert a trust estate into an absolute one. It is evident from the terms of this deed and the circumstances surrounding the parties that the purpose of the grantors was to convey the title to the plaintiff in trust for the benefit of the lineal descendants of the plaintiff. At the time of the conveyance, she was the only child of her parents. They were the only persons in being at that time who could become her heirs in event of her death immediately. If she had died while her parents were living, and before the birth of a child, the title would have returned to the parents, under the terms of this deed. We think that the terms of the deed were effective to create a trust, and that the plaintiff took the title in trust. She could have declined to assume the trust by rejecting the conveyance. She did not do so. On the contrary, she accepted title under the deed according to its terms.

The "Rule in Shelley's Case" was a legal fiction, which often, if not usually, operated to thwart the real intent of grantors. The scope of operation of the rule was very narrow. We shall not enter upon a discussion of it. Sufficient to say that it can have no application to this case, unless it could be said that no trust was created by the deed.

We are of the opinion that the district court properly decided the issue. Its decree is, accordingly,—*Affirmed.*

ALBERT, C. J., and DE GRAFF, MORLING, KINDIG, and GRIMM, JJ., concur.

WAGNER, J., not participating.